UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARK ANTHONY BENDY, SR.,

    Plaintiff,

v.

DEBORAH COLLINS, et al.,

    Defendants.

Civil No. 07-2906 (AET)

**OPINION**

**APPEARANCES**

    MARK ANTHONY BENDY, SR., #36635B, Pro Se
    Hope Hall
    676 Fairview Street
    Camden, New Jersey 08104

**THOMPSON**, District Judge:

    Plaintiff Mark Anthony Bendy, Sr., confined at Hope Hall, seeks to file this action in forma pauperis pursuant to 28 U.S.C. § 1915. This Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint. Having thoroughly reviewed Plaintiff's allegations to identify cognizable claims, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

    Plaintiff brings this action against Deborah Collins and Helen C. Godby, attorneys employed in the Appellate Section of the Public Defender's Office. He asserts that on June 9, 2006, the Honorable James Citta, Judge of the Superior Court of New Jersey, sentenced him to four years in prison for conspiracy to possess cocaine. Plaintiff alleges that he advised Phillip

Pagano, the Public Defender who represented him before the sentencing court, that he wanted to appeal the sentence. Plaintiff asserts that Deborah Collins failed to file the appeal until November 21, 2006, when he had already appeared before the parole board. Plaintiff maintains that Collins and Godby violated his constitutional rights by filing the appeal too late. He seeks damages and declaratory relief.

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, __ U.S. __, __, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).

2

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and

3

>laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff's federal claims against Public Defenders Collins and Godby fail as a matter of law because these Defendants were not acting under color of state law. "Although a private [person] may cause a deprivation of . . . a right, [she] may be subjected to liability under § 1983 only when [she] does so under color of law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978)). In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant. See also Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982) (private attorney representing criminal defendant under court appointment is not acting under color of state law). Here, Plaintiff seeks damages and injunctive relief against Defendants for allegedly failing to file a timely direct appeal from a judgment in a criminal proceeding. Because the acts and omissions complained of concern the traditional functions of a criminal

defense attorney, these Defendants were not acting under color of state law, and the Complaint fails to state a claim under 42 U.S.C. § 1983 against them.

### IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

The Court will enter an appropriate Order.

s/Anne E. Thompson<br>
<b>ANNE E. THOMPSON, U.S.D.J.</b>